1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JIN JIE SITU,                              No.  2:13-cv-02617 AC P

11                  Petitioner,

12        v.                                    ORDER AND FINDINGS AND
                                                RECOMMENDATION
13   RAND BEERS, et al.,

14                  Respondents.

15

16        On December 18, 2013, petitioner Jin Jie Situ, a detainee in the custody of the Department

17   of Homeland Security's Bureau of Immigration and Customs Enforcement ("ICE"), proceeding

18   pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Respondent filed a

19   motion to dismiss on January 13, 2014, arguing that the petition was mooted by petitioner's

20   release from detention on January 9, 2014.  See ECF Nos. 7, 7-1 at 1 (Order of Supervised

21   Release).  Petitioner did not file an opposition to the motion, and the time period in which to do

22   so has expired.  Therefore, the motion is deemed submitted.  For the reasons that follow, the

23   undersigned recommends granting the motion.

24   I.    Factual and Procedural Background

25        According to the allegations in the habeas application, petitioner is a native citizen of

26   China and was ordered "deported/excluded/removed" from the United States on May 29, 2012 by

27   an order from the Executive Office of Immigration Review.  ECF No. 1 at 2.  Petitioner's appeal

28   of the deportation order was denied by the Board of Immigration Appeals on October 11, 2012,

                                                1

thus rendering the administrative decision final.  Id. at 3.  Petitioner contends that he has been detained beyond the mandatory 90 day period pursuant to 8 U.S.C. § 1231(a)(1)(A)[1] of the Immigration and Nationality Act and that he may now be placed on supervised release pursuant to 8 U.S.C. § 1231(a)(6).  ECF No. 1 at 3.  He further argues that the presumptively reasonable six month period of detention pending deportation announced in Zadvydas v. Davis, 533 U.S. 678 (2001), has already passed.  Id. (finding that "the [post-removal-period detention] statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention.").  Therefore, petitioner alleges that his continued detention is not reasonable because there is no significant likelihood of removal to China in the reasonably foreseeable future.  Id. at 3-4.  As grounds for relief, petitioner argues that his ongoing detention violates his substantive and procedural due process rights as well the statutory provision for detention of removable aliens under 8 U.S.C. § 1231(a)(6).  ECF No. 1 at 4-5.  In addition, he asserts that his ongoing confinement is punitive in nature and therefore violates his due process rights.  Id.  By way of relief, petitioner requests his immediate release from custody on supervised release pursuant to 8 U.S.C. § 1231(a)(6).  Id. at 3.

II.     Motion to Dismiss

In their motion to dismiss, respondents argue that the present habeas petition is moot in light of petitioner's release from confinement on January 9, 2014.  See ECF No. 7 at 1.  As proof thereof, respondents submitted petitioner's order of supervised release.  ECF No. 7-1 at 1.  As a basis to dismiss the pending habeas petition, respondents cite Picrin–Peron v. Rison, 930 F.2d 773 (9th Cir.1991), for the proposition that petitioner's release from custody after the filing of the present habeas petition has rendered the case moot.  See ECF No. 7 at 1.

III.    Legal Principles Governing Mootness

28 U.S.C. § 2241, like other federal habeas statutes, requires that a petitioner be in custody as a jurisdictional prerequisite.  See 28 U.S.C. § 2241(c)(1) (stating that "[t]he writ of

---

[1] Under this section, an alien may be detained for a period of 90 days in order to accomplish that alien's removal from the United States.

1   habeas corpus shall not extend to a prisoner unless [h]e is in custody….").  However, the fact that

2   a petitioner is released from custody does not automatically render a habeas case moot where the

3   custody requirement was met at its inception.  The dispositive question for mootness purposes is

4   whether a justiciable case or controversy remains.  <u>Lewis v. Continental Bank Corp.</u>, 494 U.S.

5   472, 477-78 (1990) (Article III "case or controversy" requirement applies throughout all stages of

6   judicial proceedings).  The "case or controversy" requirement is satisfied where the plaintiff

7   "'[has] suffered, or [is] threatened with, an actual injury traceable to the defendant and likely to

8   be redressed by a favorable judicial decision.'"  <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) (citation

9   omitted).  In a habeas case challenging a criminal conviction, this requirement remains satisfied

10  even after a petitioner is released from custody.  That is because the conviction itself has

11  presumed collateral consequences that constitute an injury and that remain redressable by a

12  favorable decision invalidating the conviction.  <u>Id.</u>; <u>see also</u> <u>Chacon v. Wood</u>, 36 F.3d 1459, 1463

13  (9th Cir. 1994).

14      When changed circumstances means that the habeas court is without power to grant the

15  relief requested, however, a case is moot.  <u>See</u> <u>Lane v. Williams</u>, 455 U.S. 624, 632 (1982).  Such

16  is the case where, for example, a habeas prisoner seeking relief from a term of parole has

17  completed that term, <u>id.</u>, or where an immigration detainee seeking release to immigration parole

18  has obtained release, <u>Picrin–Peron</u>, 930 F.2d 773.  In cases which do not seek to invalidate a

19  criminal conviction, the presumption of collateral consequences does not apply.  <u>See</u> <u>Spencer</u>,

20  523 U.S. at 7.  The dispositive question for mootness purposes is whether the relief requested can

21  still be provided.  <u>Id.</u>; <u>Lane</u>, 455 U.S. at 632.

22  IV.    Analysis

23      This case is governed squarely by <u>Picrin-Peron</u>, <u>supra</u>, in which the Ninth Circuit Court of

24  Appeal dismissed an appeal of a 28 U.S.C. § 2241 petition as moot because the immigration

25  detainee had been released.  930 F.2d at 776.  Since the writ of habeas corpus is used "to secure

26  immediate release from illegal physical custody," and such release was the only remedy which

27  the immigration detainee requested, there was no further relief that the court could provide.  <u>Id.</u> at

28  775-776 (citing <u>Preisser v. Rodriguez</u>, 411 U.S. 475, 484-85 (1973)).  Likewise, in the present

1   case, the petition seeks only release and does not implicate the validity of the underlying

2   immigration orders.  Because petitioner he has already been released under supervision, there is

3   no effective relief remaining for the court to provide.  See ECF No. 7-1 at 1.  Accordingly, the

4   undersigned recommends granting the motion to dismiss based on mootness.

5   　　　　Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this

6   case to a District Court Judge.

7   　　　　IT IS FURTHER RECOMMENDED that respondent's motion to dismiss (ECF No. 7) be

8   granted.

9   　　　　These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

11  after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14  objections shall be filed and served within fourteen days after service of the objections.  The

15  parties are advised that failure to file objections within the specified time may waive the right to

16  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  DATED: April 3, 2014

18

19  _____

20  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

4